

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2006

# USA v. Taylor

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Taylor" (2006). *2006 Decisions.* Paper 867.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/867

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 05-4166 and 05-4167
_____

UNITED STATES OF AMERICA

v.

TERRON SHONTANE TAYLOR,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 03-cr-00238-1 and 05-cr-00148-1)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
on May 18, 2006

Before: RENDELL and VAN ANTWERPEN, Circuit Judges,
and ACKERMAN*, District Judge.

(Filed: June 20, 2006)
_____

OPINION OF THE COURT
_____

_____
    * Honorable Harold A. Ackerman, Senior Judge of the United States District Court
    for the District of New Jersey, sitting by designation.

RENDELL, Circuit Judge.

Appellant Terron Shontane Taylor pleaded guilty to having engaged in an unlawful conspiracy, from 1998 to December 2002, to distribute and possess with intent to distribute heroin, and, in addition, using the drug proceeds to purchase real properties and businesses in order to conceal or disguise the drug activity. Taylor was sentenced on May 31, 2005, to 336 months' imprisonment, and it is from his sentence that he lodges this appeal.[1]

Prior to sentencing, Taylor filed a written "Position in Response to Sentencing Factors" (the "Position Paper"), objecting to various aspects of the Pre-Sentence Investigation Report. The District Court issued lengthy Tentative Findings concerning the disputed factors, outlining its reasoning with respect to each contested aspect. The District Court then sentenced Taylor to 336 months' imprisonment for the drug distribution, and 216 months' imprisonment for the financial transaction offenses, each to run concurrently with the other, and also concurrently with the remainder of a sentence imposed by the District Court for the Eastern District of Pennsylvania as a result of a separate indictment.

The drug trafficking organization in which Taylor was involved trafficked in heroin in and around Duquesne, Pennsylvania, and involved several individuals from the Pittsburgh area, as well as couriers in Philadelphia. It routinely purchased heroin from

---

[1]Our jurisdiction is based on 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

Dominican suppliers. The couriers traveled the Pennsylvania Turnpike with large amounts of money and drugs, transporting heroin in amounts ranging from a half-kilogram to a kilogram on each trip, every ten days to two weeks. Taylor and Marlon Underwood would orchestrate the trips and the pooling of monies. After another of the leaders, Eric Taylor, was shot by a rival drug gang member, Taylor and Underwood moved to Georgia and purchased real property there, although they continued to operate the enterprise in Western Pennsylvania. In total, their operation involved over 30 kilograms of heroin.

Taylor raises five issues on appeal, four of which were specifically raised in the Position Paper. These four issues were: whether the District Court properly imposed a four-point increase in offense level under U.S.S.G. § 3B1.1(a) for an aggravating role in the offense; whether the District Court properly denied a one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b); whether Taylor was a career offender within the meaning of U.S.S.G. § 4B1.1 for sentencing purposes; and whether the District Court erred in not granting Taylor a departure under U.S.S.G. § 5K2.8.

In its Tentative Findings, the District Court specifically reasoned through, and ruled on, each of these points. With respect to the aggravating role adjustment, the District Court analyzed the guideline provision and its meaning, and reasoned as follows:

> The evidence shows that defendant was involved in a heroin distribution ring led by Eric Taylor, and that he began operating a heroin business in Duquesne and Pittsburgh along with Marlon Underwood after Eric Taylor's death in September 2000. He led the Pittsburgh-based drug trafficking group, directed other

> members of the conspiracy, and assisted in negotiations of heroin deliveries. He is identified as the leader of the conspiracy by other members of the conspiracy. . . . The record makes it clear that this adjustment does apply in this case.

Thus, the District Court concluded that the "aggravating role" adjustment applicable if a defendant is a leader or organizer was appropriate.

Addressing the issue of the one-point reduction for acceptance of responsibility, the District Court noted that Taylor pleaded guilty on May 31, 2005, the date on which the trial on the charges in the case was to commence. Instead of timely notifying the authorities of his intention to enter a plea so that they could avoid preparing for trial, Taylor, after initially indicating he intended to plead guilty, then changed his mind, and changed it again on the day of trial. The District Court concluded:

> As a result, this case has been transferred from this court to the District Court for the Eastern District of Pennsylvania and back, hardly allowing the courts to allocate their resources efficiently.

The District Court then distinguished United States v. Paster, 173 F.3d 206 (3d Cir. 1999), relied upon by Taylor, and concluded that there was no evidence that Taylor had timely provided complete information to the government as to his own involvement or that his plea had been sufficiently timely to warrant the reduction.

With respect to the challenge to career criminal status, the District Court properly indicated that this challenge would not make a difference in Taylor's sentence, since he had an offense level of 40, regardless of whether he was found to be a career offender. Nonetheless, the District Court examined Taylor's previous offenses for escape and

4

simple assault and concluded that, under Pennsylvania law, each was a crime of violence and, given these two previous convictions, his career offender status was appropriate.

Lastly, addressing the request for a departure, the District Court stated that, in light of the Supreme Court's recent directive in United States v. Booker, 543 U.S. 220 (2005), that the Sentencing Guidelines are advisory, the Court could depart. Accordingly, the District Court indicated that it would treat the request for downward departure as a request to impose a sentence less than that suggested by the Sentencing Guidelines. The District Court indicated that this would be considered at the time of sentencing. Taylor urges that a downward departure was warranted because he previously received a sentence in the District Court for the Eastern District of Pennsylvania based on the same 30 kilograms of heroin as were attributed to him in the instant case. However, the District Court determined that this was not a basis for departure, but, rather, was a basis for applying another section of the Guidelines, namely section 5G1.3(b), which provides for adjusting a sentence in the event that another sentence is being served. At sentencing, the District Court followed section 5G1.3(b) by declaring that Taylor's sentence was to run concurrently with the remainder of his term of imprisonment in the Eastern District case. The District Court also reduced Taylor's sentence by 13 months in light of his having served 13 months of the 196-month sentence in that case.

We find no error in the District Court's rulings with respect to these four points raised by Taylor on appeal.

The fifth and last point urged by Taylor is that his sentence was "unreasonable"

because the guidelines are only one factor among many that are to be considered under 18 U.S.C. § 3553(a), which sets forth the appropriate sentencing factors. It is apparent from the record that other factors were presented to, and considered by, the District Court at sentencing, including the content of letters that the Court acknowledged and made part of the record, and statements made at sentencing by family and friends. We do not agree with Taylor's complaint that the District Court gave too much consideration to the Guidelines. To the contrary, the District Court considered arguments and submissions that covered a wide range of appropriate sentencing factors. The sentence that was imposed was, in light of all these factors, reasonable.

Accordingly, we will AFFIRM the District Court's Judgment and Commitment Order.

_____